Arguments not to exceed 15 minutes, preside Mr. Rudrat Kumaran for the petitioner. May it please the court. My name is Viswanathan Rudrakumaran. I represent Mr. Lakhvir Singh, the petitioner in this matter, and I reserve three minutes for the rebuttal, Your Honor. There are two issues in this case primarily. There are two issues primarily in this case. The first issue, whether the IJ abused his discretion in denying the motion to reopen, and the second issue is whether the BIA properly addressed the petitioner's argument under Peri Rao's session. Let me handle the first issue. Whether the BIA abused his discretion, the immigration judge abused his discretion, there are two issues. First, whether he applied the proper standard with respect to the presumption of the hearing notice, and the second issue, whether he applied the proper evidentiary standard in rebutting that presumption of delivery. With respect to the presumption of delivery, this court addressed this issue in Thompson v. Lynch. In Thompson v. Lynch, this Honorable Court incorporated the analysis of the BIA in the matter of MRA. In the matter of MRA, the BIA recognized there are two forms of service. There are two forms where a hearing notice can be sent. First, it can be sent via certified mail, or it can be sent via regular mail. And the BIA said when a hearing notice is sent by a certified mail, the presumption of delivery is very high because we can trace it. There is a paper trial. So because of that, the presumption is high. But when it is sent by a regular mail, the presumption is very low. The BIA in that case quoted the Second Circuit in Lopez v. Gonzalez. In that case, the Second Circuit said when the notice is sent by a regular mail, the issue is whether the notice was sent. That is not the issue. The issue is whether he received it. That is not the issue. The main reason it seems like he did not receive it is because he had moved. No. That is not at all. That is not a dispositive issue or even not relevant. Because what happened, even the judge himself said the notice was sent two weeks prior to his moving. Two weeks prior to his moving. The petitioner in his affidavit did not say that because he moved to New York, he did not get the notice. He did not say that. He just put that one in the decision. The point is that there is a two-week period that it is undisputed that Singh was in Detroit. Yes, Your Honor. So I think the finding of the IJ was that two weeks is a long enough period to hold that it would have reached him in that time period. I agree with that. Because of that, the fact that he moved to New York, the fact he did not inform the court his new change of address is not relevant at all. That is not the ground that he did. Even the court said and the petitioner in his statement said. So that is not a ground. The theory is then that it just wasn't delivered in the two weeks and so it didn't come in the mail? Yes, that is the theory. The theory is that he was in Detroit during that time. He claims he did not get it. He did not get the delivery. He did not get the hearing notice. So as I said, the presumption of delivery is low. But here it seems to be the IJ mischaracterized the mode of delivery. On page 42, he is talking about the delivery is normally sent by certified mail and the next paragraph he is talking about the petitioner's case. So Singh did not have a duty to notify? He absolutely has a duty. He absolutely has a duty. He failed in his duty. You are saying that is irrelevant? That is irrelevant for this purpose. For the purpose whether he received the notice or not, that is irrelevant. And the second reason, the judge. What did you expect the IJ to do to have a surveillance of him 24-7 to see where he was? No, Your Honor. I mean, aren't they entitled to presume that he is going to tell them if he moves in order to get the notice to him? I am not disputing, Your Honor, that he flagrantly failed his obligation. He flagrantly failed in his obligation to update the court. But the issue is whether that is relevant for the issue whether he received the notice or not. That is where I am coming, Your Honor. It is not relevant. So that is the second reason the IJ said he did not. Suppose he left the next day. He had only been in Detroit one day. You are saying as long as he got out of town in time for the notice not to reach him, then he wins under your argument. Then it is a different ballgame. Then the IJ's decision might hold water. Suppose had he left the next day or next month, then it is a different scenario. But here the issue he was in Detroit at that time. So the issue, whether he received the notice. Doesn't the deferential standard of review cut against you? Because the only evidence that he didn't receive it is his own affidavit. And it seems to me that if we were to say in this case that that evidence was enough to require any reasonable fact finder to find that he didn't receive it, that immigrants in all these cases could say I just didn't receive it with conclusory affidavits. I have had other cases where there was corroborating evidence and we still, like statements from others who lived in the house, and said they didn't see it either. And we still said that the deferential standard of review required us to uphold IJ's finding. I totally agree with you, Your Honor. Just his statement alone is not enough. The BIA has identified the factors that should be taken into consideration when making the rebuttal decision. The BIA said, okay, his affidavit. You have to take that into consideration. Any affidavit from the family members, any potential relief, any of his prior actions during this proceeding. BIA identifies some non-exhaustive factors, which this court also incorporated in Thompson v. Lynch. So our argument, first of all, the IJ did not take into account even the affidavit. Leave it aside. He was found to have a credible fear of persecution, so there is a potential for a claim. IJ did not take that into account. It was he himself, when he left the detention, gave the new address. IJ did not take that into account. It was he himself initially filed the motion for change of venue. IJ did not take that into account. Suppose had the IJ taken all these factors into account, and he had come to a different, had come to the same finding, it may be true, we might defer to him. I see. So you're saying legal error because they failed to... They failed to take into account all these factors. And the other factor, the judge said, was due diligence. But he didn't know when there was a removal order. And waiting for five years is nothing unusual, especially given the fact nowadays the case, they are inaction in the Immigration Court for six, seven years. And there was another case where this court addressed after 14 years. So the IJ took the due diligence. So then, but the thing is, but he was not aware that it has happened. And the other thing, also I would like the court to take into consideration, he has a potential relief. He got the family law petition I-360 as a journal. That's another way for him to seek a status in this country. That is pending. He was dealing with the USCIS on that. And there is a Seventh Circuit case where it says when you deny order someone to be deported, when there is a potential for a relief, it's unconscionable. So he has a potential, but IJ did not take any of these factors. So that is our primary argument with respect to the denial of the motion to reopen. Can I ask, switching subjects, if you don't mind, to the Pereira argument. What is the scope of your argument? Are you saying that, is it limited to this jurisdictional theory that Pereira has eliminated an agency's jurisdiction if the notice to appear is defective? Is that the extent of your argument? Yes, I'm coming to that. This is the second argument. Second argument, Pereira under his argument that the court does not have a jurisdiction. And what the BIA... Is that only a jurisdictional argument? Are you using Pereira to say anything about whether your motion to reopen should have been granted aside from jurisdiction? Recession, Your Honor. Because the recession, because Section 240 of the INA says that recession is an inabstantial order, it can be rescinded if the notice is not served pursuant to Section 239A. So because of that argument, we are arguing that the removal order should be rescinded. But before I come to that, Your Honor, what the BIA said is very interesting. The BIA, the petitioner argued under Pereira v. Session, the BIA in two lines says that Pereira v. Session was foreclosed by the development of Nis v. Chavez case. Just two lines. It is not factually, legally not correct. It's even the government in their brief saying that the Chavez case did not materially alter the legal landscape. The government is disputing what the BIA said. So even on that ground alone, on that ground alone, because the BIA did not give a reasoned decision why the case is, the argument is foreclosed, it is factually, legally wrong, patently wrong, the BIA said. We've had precedent since then that even since Nis Chavez that says a defective notice to appear doesn't deprive the agency of jurisdiction. I'm sorry. I was aware of the Ramos case. We have this court address. But that was prior to Chavez case. But after the Supreme Court decision, the Fifth Circuit and the Ninth Circuit have gone the other way. The Fifth Circuit They didn't. That's what I was getting at. I'm not certain that you've raised the type of arguments that the Fifth Circuit and the Ninth Circuit. Those courts have also said it doesn't deprive the agency of jurisdiction. In those cases, what the Fifth and Ninth Circuit have said is that a defective notice to appear might be sufficient to allow a motion to reopen even if the court had jurisdiction. That's right. But do you think, it's not clear to me that you raised that theory before the board. Your theory before the board was just a generic, this agency has no jurisdiction over my client because the notice to appear was defective, which is a distinct argument than the one that I can get a motion to reopen. It may be right. The argument was not well developed. But the BIA's response was that it's worse than the argument itself. The BIA was saying something which is not legally and factually correct. So the BIA did not provide a reasoned decision for this court to analyze. So on that basis, I think the BIA decision should be vacated. Thank you. Thank you. May it please the court, my name is Jennifer Singer and I represent the United States Attorney General, the respondent in this matter. Your honors, this case is pretty simple. First of all, the immigration court had jurisdiction over the case. And second, petitioner failed to rebut the presumption that he received notice of his hearing. I'll start with the jurisdictional issue since that's kind of the threshold issue. As your honor mentioned, this court, after Niz Chavez, did decide the Ramos case and that held that even despite a defective NTA under the statute, the regulations govern jurisdiction and they've held that even after Niz Chavez, that it didn't change an immigration judge's jurisdiction when a notice has been given compliant with the regulation. So I would agree with you on jurisdiction. The really hard issue for me is what the Fifth Circuit, setting aside whether the agency had jurisdiction, the Fifth Circuit held that a defective notice to appear can't be sufficient to meet an immigrant's burden to show that they didn't receive a notice to appear in accordance with paragraphs one and two of section 1229. So that has nothing to do with jurisdiction. It's just a statutory argument about whether the immigrant has satisfied this burden. I wonder if you could say two before us adequately, and then number two, just speak on the merits on why you think the Fifth Circuit and Ninth Circuit are wrong. So no, the first answer to that question is no, and I mentioned that in the brief, is that no, the issue of a Niz Chavez lack of notice issue is very distinct from a Niz Chavez lack of jurisdiction issue. Petitioner raised the Pereira-Niz Chavez jurisdictional issue, but he did not squarely raise the lack of notice Niz Chavez issue. And Rodriguez, he cites to Rodriguez in his brief, and he has the issue right in front of him, but he does not raise it in that contest. He still says, makes a jurisdictional point. I'm curious why you didn't raise an exhaustion argument too. Exhaustion is, at least under our precedent, may be jurisdictional, so we might have a duty to raise it on our own. But it seemed like he didn't even cite the Fifth Circuit case before the board. No, I mean, Rodriguez came out after the board issued its decision. I mean, looking back on the timeline, Petitioner filed the notice of appeal with the board and then filed his brief, and then after he filed his brief, Niz Chavez came out, so I guess he could have went back to the board and made a Niz Chavez lack of notice issue. He did make a Niz, oh, well, he just made a Pereira argument. He just made a Pereira, because Niz Chavez didn't come out until after the board issued its decision, but it was still jurisdictional, and after Niz Chavez came out, he still only made a jurisdictional argument, and even after Rodriguez came out, even with Rodriguez right before him in his brief, he still made a jurisdictional argument, not a lack of notice argument. That aside, we do point that out in our opening brief, but that aside, this court decided Santos-Santos, and Santos-Santos takes the position that notice for in absentia purposes is satisfied under either A-1 of the 1229A statute or under A-2 of the statute, so the court has decided the issue, and also the board recently decided the matter of La Parra, which mirrored this court's rationale in Santos-Santos. That decision was just decided, I think, in January 2022. What bothers me about the government's position is the hypothetical of, suppose they actually, an immigrant received a valid notice to appear, so there's no A-1 issue, and then the immigrant just simply doesn't receive a notice of a hearing, say the hearing is changed, and the immigrant doesn't receive that. It seems quite unfair to say that the immigrant is just out of luck, because the immigrant has to show receipt, or no problem under A-1 and A-2. I don't think it's under both, and again, I'm happy to provide supplemental briefing to the board on this issue, and if the court is interested in deciding that, I'm happy, I would invite the opportunity to do so, because we didn't really go into the nuts and bolts of briefing this because of the fact that Petitioner didn't really squarely raise this issue. He's claiming he's raised it here. He's claiming he raised it. I agree with you that it's a pretty significant forfeiture argument. I still think it's not properly before the court, but I would invite supplemental briefing on the issue, because we think that the Singh case in the ninth and the Rodriguez case in the fifth are wrongly decided. The board's decision in Matalapara that just came out, which echoes Santos' reasoning, is more persuasive, and I still think it's an either-or with the interpretation of the statute, and it also goes to language of what a change means versus a postponement, and I'm happy to brief on that. Isn't the relevant point should be for the actual hearing, the in absentia hearing, that you got proper notice for that hearing? It's not an either-or. If you get the original notice, that's fine, but you also need to get it for the hearing where you're actually ordered deported, it seems to me. Yes, that's correct. Okay. But the board held the opposite of that. I thought the board said that you have to show that you didn't receive notice under both. They still focused on the disjunctive under either. And they said that notice of the actual hearing is sufficient even if your notice to appear is deficient, so you satisfied the second one. And the concern I have under that theory is what if you satisfy the first one, there's a postponement, and you don't satisfy the second one, so the immigrant has no idea when the date is, and then under the board's theory, it seems to me under the either-or approach, well, we satisfied the notice to appear, so that's sufficient. I still, I mean, this is why I would like, again, why petitioner didn't raise this. This is something I could flesh out more in briefing with supplemental briefing to the It was forefooted. He was still focused on a jurisdictional element. That aside, I still think that, I don't think that in, maybe the language is couched in that, but it's still an or because I don't think there are cases where, I mean, that's hypothetical, but I don't think there's such a case where even with a compliant notice to appear that included all the relevant information, that you would still have to show that, okay, yes, that was compliant, but if the subsequent notice that had all the other information that didn't reach the petitioner, that you would still have to, sorry, I don't, that's not a good example. Again, this is the whole reason why I would invite supplemental briefing on the issue, because this was not raised by the petitioner in his briefs. But again, I would. He did block quote. He did, but it was still all in jurisdictional terms. It was not in lack of notice terms. It was on notice that the Fifth Circuit case was out there at least. But the Santos Santos case has decided the issue. It still says that notice under either, and that's the law of the circuit, that under A1 or A2 is sufficient for notice purposes, and the board has decided matter of la para recently, and that further bolsters the Santos Santos decision in this case. It's just, this is a simple question, but the second notice in this case was proper. There's not any challenge to that second notice here. It's only the first notice that's being challenged here. Right. Okay. Okay. And the notice that, I mean, this was. The only challenge to the second notice is that it didn't receive, he didn't receive it, but not that the notice itself has any defect. Correct. Correct. There's no challenge to the compliance of the second notice, and that petitioner did not rebut the presumption that he received that notice. I think the most significant evidence of that, that cuts a petitioner's claim of receipt, is his lack of due diligence. He waited five years to do anything, and he says, oh, I wasn't aware that an in absentia removal order was issued, but that is just not persuasive or believable. He was in proceedings. He appeared before an immigration judge. He was detained on the charges. He was personally given an NTA. He had another notice of a hearing before, and he can't reasonably say that he was not aware that something was going on, that he should have communicated with the immigration court, asked about the status of his case, and he just sat on his hands and waited for five years before he said he didn't receive notice of the hearing. What do you do, make of the argument that the board, setting aside the deferential standard of review, I think your friend on the other side would say the board legally erred because it didn't go through all of the relevant factors. I wonder if you could talk a little bit about whether there was legal error there. I mean, there's a presumption that the board, or the immigration judge, looks at all the evidence before it and applies the correct law, and that's what was here. Before the immigration judge, with the motion to reopen, was just an affidavit with one the asylum application with that. Although the immigration judge didn't specifically address the asylum application, the only relationship petitioner had with that asylum application is his statement that had he had noticed, he would have appeared at this hearing, and he had every intention to apply for asylum, and here's this belated asylum application, because there was no application for asylum pending before the immigration judge in the initial round of proceedings. And that intention of some hypothetical, I have intent to apply for asylum, is just belied by the record, because if he really had the intent or some incentive to appear, it's just belied by the record. There was no pending application, and he waited five years to pursue anything. So that's just not supported by the record. And just a reasonable reading of the evidence means that, suggests that petitioner received the notices at the Saginaw, Michigan house, or address, and ignored them, or he didn't receive it because he moved. And that's just the most fair and persuasive reading of the evidence. And I don't think- So the fact that you say he didn't receive it because he moved, so you think it is relevant that he moved to New York in terms of this finding of whether or not he received it? I mean, based on the case law of this court, there is an obligation, and under the statute, to provide current address information, and I think the case law even says that just a mere statement that I didn't receive it is not enough. You also have to provide some additional probative evidence that says I was also living at this address at the time the notice was sent, and there's nothing in the evidence to say that. I mean, I went and looked back at the petitioner's affidavit today, and he just says, I gave them this, I gave DHS this Saginaw, Michigan address when I was released from custody, and that's it. He never says that I actually lived at this address during the relevant time, that I received mail at this address during the relevant time, and then he just says he moved. And it's, I mean, the timeline is a little bit self-serving, but- That's a question of fact for the immigration judge, right? Right. And the immigration judge took it as fact, and in my reading of the decision, found either petitioner, if he did live there, as he said he did, even though there's no evidence that he was actually living at the address at the time, that the notice was presumed to have been received, he didn't rebut the presumption of receipt, or it wasn't received because petitioner moved. So even if there was slow delivery of this notice, it was not received because of petitioner's own actions. Can I ask about, do you have the statute in front of you by chance? Which one? There's 1229A. There's a provision, I'm just curious if it would apply here. Sorry, 1229? A. A or A parentheses? A, no parentheses. The one on in absentia removals. There's a five, I guess that's paragraph five, subparagraph B, that says no written notice shall be required under subparagraph A if the alien has failed to provide the address required under the other section, section 1229. Does this provision apply here because of the failure to notify of the move? I think it applies. We didn't rely on that because the agency didn't rely on that. We can't rely on something the agency, I didn't rely on I suppose, but the agency did mention that he failed to provide an updated address. I was just curious how this provision worked in the statutory scheme with his duty to show that he didn't receive notice in accordance with paragraphs one or two. It seems like, the way I read this statute, and I'm curious if this is the government's position, is that if you move and don't tell the board, you're just essentially out of luck and that's it. Yes. That is our position. In isolation, yes, that statute applies. I didn't rely on it because the agency didn't rely on it, but the way the agency did handle the petitioner's obligation, and I think there's also case law in this circuit that suggests it, specifically the Baugh case, which kind of ties a petitioner's obligation, although that I.J. didn't mention the statute by name, but ties the obligation to provide current presumption of receipt. So I think in that way, that's how the immigration judge is discussing it, not simply relying on this subsection of the rescission statute. There's any further questions I'm happy to answer then? No, we don't have any. Thank you. Thank you, your honors. Your honor, briefly, the issue that he moved out of the state and did not inform the court, it may be that automatically there can be a removal order. That is a different question. I don't know whether that's correct, but hypothetically, he moved out of the state, did not inform the court. But that's not the issue here. The issue here, the judge tries to justify his position, tried to say there was a delivery, and because he moved out of the state, he didn't get that notice. That is the issue. The issue the court raised is a separate issue. But that is not implicated in this case. The I.J. did not say that because of that, I am issuing a deportation order. He didn't say that. He said because of that only, he didn't get the notice. That is the issue here. And then the government said there's a presumption the judge review all the facts. Suppose had the judge simply said one line, I review the record, and I am satisfied the delivery was made, maybe we can uphold the judge's decision on that. But here he mentioned two particular factors, diligence, and the second factor, he moved to New York. So when he mentioned two factors, the presumption is he did not take the other factors into account. So therefore, you cannot simply, we cannot have that presumption saying that the judge took the whole thing and came to this conclusion. And the government cited the case law from the circuit that you have to, the current address should be, you have to inform the court. Because the current address was relevant in those cases. In those cases, that was relevant, but here it is not relevant. That's what I've been arguing from the beginning, it is not relevant for that one, Your Honor. And the second thing regarding that Sandor's case, with all due respect, that was decided before Nist v. Chavez's case. That was decided before that. But the Supreme Court in Chavez's case completely rejected the two-step process, completely rejected. And the question is, and or, Your Honor? That's the question, the or. So that makes the difference. Thank you. Thank you, Counsel. Thank you. We will take the case under submission and the clerk may adjourn the court.